Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiff
Global Data Strategy, Ltd

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Data Strategy, Ltd,<br><br>        Plaintiff,<br>  v.<br>Twitter, Inc. and X Corp., Inc,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) COMMON COUNT – ACCOUNT STATED**<br><br>**(3) COMMON COUNT – OPEN BOOK ACCOUNT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Global Data Strategy, Ltd asserts the following claims against Defendants Twitter, Inc. and its successor in interest, X Corp., Inc. ("Twitter" or "Defendants").

## NATURE OF ACTION

1. This is an action for breach of contract arising out of Twitter's failure to pay Global Data Strategy's invoice after Elon Musk purchased Twitter in a leveraged buyout in late October 2022.

## JURISDICTION AND VENUE

2. Plaintiff Global Data Strategy, Ltd is a limited liability company organized under the laws of Colorado, with its principal place of business in Boulder, Colorado. Plaintiff is 100% owned by a U.S. citizen who resides in Boulder, Colorado.

3. Defendant Twitter, Inc. is or was a corporation incorporated under the laws of

1

COMPLAINT

Delaware, with its principal place of business in San Francisco, California.

4. Defendant X Corp., Inc. is a corporation incorporated under the laws of Nevada, with its principal place of business in San Francisco, California. Upon information and belief, X Corp., Inc. is the successor in interest to Twitter, Inc. and Twitter was merged into X Corp. earlier this year.

5. The amount in controversy exceeds $75,000 exclusive of fees and costs. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendants are subject to personal jurisdiction in this judicial district because their principal place of business is within this district and State and because Twitter consented to personal jurisdiction in this district in "[a]ny legal action or proceeding arising under" the January 25, 2022 Master Services Agreement that gives rise to this lawsuit (the "MSA").

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district and because Plaintiff and Defendant Twitter consented to venue in this district in "[a]ny legal action or proceeding arising under" the MSA.

**DIVISIONAL ASSIGNMENT**

8. A substantial part of the events and omissions that gave rise to the claims in the Complaint—the breach of contract, failure to pay on an account stated, and failure to pay on an open book account—occurred in San Francisco county, and accordingly assignment to the San Francisco Division is warranted.

**THE PARTIES**

9. Plaintiff Global Data Strategy, Ltd is a data management consulting company based in Boulder, Colorado.

10. Defendant Twitter, Inc. is a social media company based in San Francisco, California.

11. On information and belief, Defendant X Corp., Inc. is Twitter's successor in interest and now operates the Twitter social media app and website.

**COMMON FACTUAL ALLEGATIONS**

**A. January to October 2022: The Global Data Strategy-Twitter Relationship**

12. In early 2022, Twitter, Inc. hired Global Data Strategy to provide a data quality risk

assessment and business case for the finance department, a subsequent data remediation and operational plan, and associated data quality reporting dashboard. On January 25, 2022, Global Data Strategy and Twitter entered into a Master Services Agreement that sets out their agreement (the "MSA"). Twitter included the word "Confidential" in the footer of the MSA, which includes does not otherwise specify that the MSA must be kept confidential, and so in an abundance of caution Global Data Strategy does not attach the MSA as an exhibit to the complaint at this time.

13. Twitter paid Global Data Strategy's July 6, 2022 $142,500 invoice for the first two milestones of the project on September 2, 2022.

14. During the approximately nine months during which Global Data Strategy worked with Twitter, Twitter never complained about Global Data Strategy's work, disputed an invoice, or—until the end of 2022—paid late.

**B. 2022: Elon Musk Purchases Twitter**

15. In April 2022, multi-billionaire Elon Musk offered to purchase Twitter for $54.20 per share.

16. Soon after Twitter accepted his offer, Musk changed his mind and attempted to back out of his offer, prompting Twitter to sue him in Delaware. Faced with the impossibility of escaping his promises, Musk relented on the eve of his deposition and agreed to purchase Twitter on the terms in his agreement.

17. Musk concluded the purchase of Twitter on October 27, 2022.

18. Musk-owned Twitter immediately laid off half the company's employees and is reportedly refusing to pay their full severance. It also fired the executive team that had forced him to close on his purchase of Twitter, including most of the senior legal team.

19. At the same time, Musk became personally involved in Twitter's moderation decisions. The effect of these moderation decisions was to alienate the advertisers who accounted for the bulk of Twitter's revenues, throwing the company into instant financial crisis.

20. On information and belief, Twitter responded with a campaign of extreme belt-tightening that amounted to requiring nearly everyone to whom it owes money to sue.

21. On information and belief, Twitter stopped paying rent on some of its offices and stopped paying several vendors whose services it was still using.

22. Twitter also cancelled many contracts and stopped paying people to whom it owes money.

**C. Fall 2023: Musk-owned Twitter Ignores Global Data Strategy's Outstanding Invoice**

23. On September 19, 2022, Global Data Strategy submitted an invoice to Twitter for $230,100.

24. Global Data Strategy provided all the services for which it invoiced Twitter and did not receive any complaints.

25. Indeed, Twitter's supplier portal indicates that Twitter had approved the outstanding invoice. A true and correct copy of a screenshot from that supplier portal is attached to this complaint as **Exhibit A** and is incorporated by reference.

26. All the Twitter project leads on Global Data Strategy's project were terminated in October or November 2022, including the Chief Accounting Officer who signed the MSA.

27. Following the acquisition, Global Data Strategy corresponded about its outstanding invoices with its remaining contacts at the company. They gave no indication that Twitter disputed it owed the amounts on the invoices and offered no justification for not paying.

28. Section 4.1 of the MSA makes payment due within 60 days of Twitter's receipt of an invoice.

29. Despite repeated communications from Global Data Strategy to Twitter regarding the unpaid invoice, Twitter has not paid it and has not offered any reason for its failure to pay.

**FIRST CAUSE OF ACTION**

**(Breach of Written Contract)**

30. Global Data Strategy hereby re-alleges the allegations set forth in the paragraphs above.

31. Global Data Strategy and Twitter entered into the MSA under which Global Data Strategy agreed to provide services to Twitter and Twitter agreed to pay for those services within 60

days of Global Data Strategy submitting them.

32. Global Data Strategy did all, or substantially all, of the significant things that the MSA required it to do or was excused from having to do those things.

33. Twitter breached the MSA by failing to pay Global Data Strategy's outstanding invoice on or before 60 days after Global Data Strategy submitted it.

34. As a direct and proximate result of Twitter's breach of contract, Global Data Strategy has suffered damages in the amount of $230,100.

## SECOND CAUSE OF ACTION
**(Common Count – Account Stated)**

35. Global Data Strategy hereby re-alleges the allegations set forth in the paragraphs above.

36. Global Data Strategy and Twitter, by Global Data Strategy submitting its invoice and Twitter approving it, agreed that the amount that Global Data Strategy claims is due from Twitter—$230,100—was the correct amount owed.

37. An account was stated by and between Global Data Strategy and Twitter under which it was agreed that Twitter was indebted to Global Data Strategy in the sum of $230,100.

38. No part of that sum has been paid despite Global Data Strategy's demands. As such, the sum of $230,100, together with interest, is now due, owing, and unpaid on the account stated.

## THIRD CAUSE OF ACTION
**(Common Count – Open Book Account)**

39. Global Data Strategy hereby re-alleges the allegations set forth in the paragraphs above.

40. Global Data Strategy and Twitter had financial transactions with each other, namely, Global Data Strategy submitted its invoices under the MSA for approval and Twitter approved them in its supplier portal before paying them.

41. By no later than November 18, 2022, Twitter became indebted to Global Data

Strategy in the sum of $230,100 for services provided to Twitter.

42. Global Data Strategy has repeatedly demanded payment from Twitter. The last demand was made on February 24, 2023.

43. Twitter has made no payment to Global Data Strategy on the amount $230,100 due and owing, together with interest, is now due, owing, and unpaid on the open book account.

WHEREFORE, Global Data Strategy seeks judgment as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Global Data Strategy demands judgment on this Complaint and an award of monetary relief against Twitter as follows:

1. compensatory damages of $230,100;
2. costs of suit;
3. awardable pre- and post-judgment interest at the maximum legal rate; and
4. entry of an Order for any further relief as the Court may deem just and proper.

Dated: May 10, 2023         ETHAN JACOBS LAW CORPORATION

By:   /s/ Ethan Jacobs
ETHAN JACOBS
Attorneys for Plaintiff
Global Data Strategy Ltd

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated: May 10, 2023　　　　　　　ETHAN JACOBS LAW CORPORATION

　　　　　　　　　　　　　　　　By:　/s/ Ethan Jacobs
　　　　　　　　　　　　　　　　　　ETHAN JACOBS
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　Global Data Strategy Ltd

# Exhibit A

