J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Defendant X CORP., as successor in interest to second named Defendant Twitter, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Global Data Strategy, Ltd, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>Twitter, Inc. and X Corp., Inc, <br><br>　　　　　Defendants. | No. 3:23-cv-02266-EMC <br><br> **ANSWER TO COMPLAINT** |

Defendant X Corp., as successor in interest to second named defendant Twitter, Inc. ("Twitter"), hereby answers the "Complaint" filed by plaintiff Global Data Strategy, Ltd ("Plaintiff" or "Global Data"). Twitter denies any allegation not expressly and unequivocally admitted.

As to the initial, unnumbered paragraph in the Complaint, Twitter admits that Plaintiff filed the Complaint asserting claims against Twitter. Twitter denies the remaining allegations, whether express or implied, in that unnumbered paragraph of the Complaint.

**NATURE OF ACTION**

1. Twitter admits that Plaintiff's Complaint alleges Twitter failed to pay certain invoices from Plaintiff. Twitter denies all remaining allegations, whether express or implied, in paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Twitter lacks information or belief sufficient to answer the allegations in paragraph 2 of the Complaint regarding Plaintiff as a corporate entity, and its purported ownership structure and owner, and, on that basis, denies them.

3. Twitter admits that Twitter, Inc. was a corporation incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

4. Twitter admits that X Corp. is successor in interest to Twitter, Inc., and is incorporated under the laws of the State of Nevada with headquarters in San Francisco, California.

5. Twitter admits the Court has subject matter jurisdiction over this action. Twitter denies all remaining allegations, whether express or implied, in paragraph 5 of the Complaint.

6. Twitter admits that the Court has personal jurisdiction over it for this case because Twitter conducts business and is headquartered in San Francisco. Twitter states that the remaining allegations in paragraph 6 of the Complaint refer to the Master Services Agreement ("MSA") between Twitter and Plaintiff, dated January 25, 2022, that speaks for itself, and refers to that document for a complete description of its content. Twitter denies the allegations in paragraph 6 to the extent they do not fully and accurately reflect the same.

1        7.     Twitter admits venue is proper in this District because Twitter conducts business
2   and is headquartered in San Francisco.  Twitter states that the remaining allegations in
3   paragraph 7 of the Complaint refer to the MSA that speaks for itself, and refers to that document
4   for a complete description of its content.  Twitter denies those allegations in paragraph 7 to the
5   extent they do not fully and accurately reflect the same.

## DIVISIONAL ASSIGNMENT

7        8.     Twitter admits that assignment to the San Francisco Division is warranted
8   because Twitter conducts business and is headquartered in San Francisco.  Twitter denies all
9   remaining allegations, whether express or implied, in paragraph 8 of the Complaint.

## THE PARTIES

11       9.     Twitter lacks information or belief sufficient to answer the allegations in
12  paragraph 9 of the Complaint, and, on that basis, denies them.
13       10.    Twitter admits that Twitter, Inc. was a corporation incorporated under the laws of
14  the State of Delaware, with its principal place of business in San Francisco, California.
15       11.    Twitter admits that X Corp. is successor in interest to Twitter, Inc., is
16  incorporated under the laws of the State of Nevada with headquarters in San Francisco,
17  California, and operates the Twitter service.  Twitter denies all remaining allegations, whether
18  express or implied, in paragraph 11 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

20       12.    Twitter admits that it entered into the MSA and a Statement of Work ("SOW"),
21  dated January 25, 2022, with Plaintiff.  The SOW provides, in part, that Plaintiff "will invoice
22  Twitter in the amounts specified upon Twitter's acceptance of the following milestones."

| Milestone | Deliverable* | Due Date | | Not to exceed |
|---|---|---|---|---|
| 1 | Data Quality Risk Assessment and business case | | | $142,500 |
| 2 | Data Remediation and operational plan | | | 203,500 |

| | 3 | Data Quality Reporting | | | 26,600 |
|---|---|---|---|---|---|

13. Twitter denies the allegations in paragraph 13 of the Complaint.

14. Twitter admits that it entered into the MSA and SOW with Plaintiff. Twitter lacks information or belief sufficient to answer the remaining allegations in paragraph 14 of the Complaint and, on that basis, denies them.

15. Paragraph 15 contains Plaintiff's characterization of the Twitter acquisition, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Twitter admits that in April 2022, Elon Musk offered to acquire Twitter, Inc., and Twitter, Inc. agreed to accept the offer, at a price of $54.20 per share. Twitter lacks information or belief sufficient to answer the remaining allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16. Paragraph 16 contains Plaintiff's characterization of the Twitter acquisition, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Twitter admits that Twitter, Inc. initiated litigation against Mr. Musk in the Court of Chancery in the State of Delaware (C.A. No. 2022-0613-KSJM) regarding Mr. Musk's offer to acquire Twitter. Twitter admits that the litigation has been resolved and that the acquisition of Twitter has since concluded. Twitter lacks information or belief sufficient to answer the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17. Twitter admits that the acquisition concluded on October 27, 2022. Twitter denies all remaining allegations, whether express or implied, in paragraph 17 of the Complaint.

18. Paragraph 18 contains Plaintiff's characterization of personnel matters at Twitter, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Twitter admits that it has experienced layoffs and resignations in its workforce since the time the acquisition was concluded on October 27, 2022. Twitter denies all remaining allegations, whether express or implied, in paragraph 18 of

1   the Complaint.

2   19.     Paragraph 19 contains Plaintiff's characterization of Twitter's alleged
3   moderation decisions, and does not set forth a claim for relief or aver facts in support of a claim
4   to which a response is required.  To the extent that a response is required, and given the lack of
5   particularized scope of the allegations in Paragraph 19, Twitter lacks information or belief to
6   answer those allegations and, on that basis, denies them.

7   20.     Paragraph 20 contains Plaintiff's characterization of Twitter's alleged post-
8   acquisition operations, and does not set forth a claim for relief or aver facts in support of a claim
9   to which a response is required.  To the extent that a response is required, denies all remaining
10  allegations in paragraph 20 of the Complaint.

11  21.     Twitter admits it is working with some vendors and landlords to review existing
12  contracts.  Twitter lacks information or belief sufficient to answer the remaining allegations in
13  paragraph 21 of the Complaint and, on that basis, denies them.

14  22.     Twitter admits it is working with some counter-parties to review contracts.
15  Twitter lacks information or belief sufficient to answer the remaining allegations in paragraph
16  22 of the Complaint and, on that basis, denies them.

17  23.     Twitter admits that Plaintiff issued invoice numbered 1818, and dated September
18  19, 2022, to Twitter, totaling $230,100.  Twitter denies that it provided "acceptance of the
19  following milestones" as described in the relevant SOW for services falling within the invoices
20  referenced in the Complaint.  Twitter denies all remaining allegations, whether express or
21  implied, in paragraph 23 of the Complaint.

22  24.     Twitter lacks information or belief sufficient to answer the allegations in
23  paragraph 24 of the Complaint, and, on that basis, denies them.

24  25.     Twitter states that the allegations in paragraph 25 of the Complaint refer to a
25  document, which speaks for itself, and refers to that document for a complete description of its
26  content.  Twitter denies the allegations in paragraph 25 to the extent they do not fully and
27  accurately reflect the same.  Twitter nonetheless denies that it provided "acceptance of the
28  following milestones" as described in the relevant SOW for services falling within the invoices

4

1  referenced in the Complaint.

2      26.    Paragraph 26 contains Plaintiff's characterization of personnel matters at Twitter, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Twitter admits that it has experienced layoffs and resignations in its workforce since the time the acquisition was concluded on October 27, 2022.  Twitter denies all remaining allegations, whether express or implied, in paragraph 26 of the Complaint.

    27.    Twitter lacks information or belief sufficient to answer the allegations in paragraph 27 of the Complaint and, on that basis, denies them.

    28.    Twitter admits that it entered into the MSA and SOW with Plaintiff.  The SOW provides, in part, that Plaintiff "will invoice Twitter in the amounts specified upon Twitter's acceptance of the following milestones," as set forth in paragraph 12 above.  Section 4.1 of the MSA provides that "[i]f the Statement of Work requires Supplier to complete certain milestones, Twitter's payment obligation will be expressly subject to Supplier's completion of such milestones to Twitter's satisfaction."  Twitter denies all remaining allegations, whether express or implied, in paragraph 28 of the Complaint.

    29.    Twitter lacks information or belief sufficient to answer the allegations in paragraph 29 of the Complaint and, on that basis, denies them.

## FIRST CAUSE OF ACTION

**(Breach of Written Contract)**

    30.    Twitter incorporates by reference its responses to paragraphs 1-29.

    31.    Twitter admits that it entered into a MSA and SOW with Plaintiff.  The SOW provides, in part, that Plaintiff "will invoice Twitter in the amounts specified upon Twitter's acceptance of the following milestones," as set forth in paragraph 12 above.  Section 4.1 of the MSA provides that "[i]f the Statement of Work requires Supplier to complete certain milestones, Twitter's payment obligation will be expressly subject to Supplier's completion of such milestones to Twitter's satisfaction."  Twitter denies all remaining allegations, whether express or implied, in paragraph 31 of the Complaint.

1  32. Twitter lacks information or belief sufficient to answer the allegations in
2  paragraph 32 of the Complaint, and, on that basis, denies them.
3  33. Twitter denies the allegations in paragraph 33 of the Complaint.
4  34. Twitter denies the allegations in paragraph 34 of the Complaint.

**SECOND CAUSE OF ACTION**

**(Common Count – Account Stated)**

7  35. Twitter incorporates by reference its responses to paragraphs 1-34.
8  36. Twitter denies the allegations in paragraph 36 of the Complaint.
9  37. Twitter denies the allegations in paragraph 37 of the Complaint.
10 38. Twitter denies the allegations in paragraph 38 of the Complaint.

**THRID CAUSE OF ACTION**

**(Common Count – Open Book Account)**

13 39. Twitter incorporates by reference its responses to paragraphs 1-38.
14 40. Twitter admits that Plaintiff issued invoice numbered 1818, and dated September 19, 2022, to Twitter, totaling $230,100.  Twitter denies that it provided "acceptance of the following milestones" as described in the relevant SOW for services falling within the invoices referenced in the Complaint.  Moreover, the allegations in paragraph 40 of the Complaint refer to a document, which speaks for itself, and refers to that document for a complete description of its content.  Twitter denies the allegations in paragraph 40 to the extent they do not fully and accurately reflect the same.  Twitter denies all remaining allegations, whether express or implied, in paragraph 40 of the Complaint.
22 41. Twitter denies the allegations in paragraph 41 of the Complaint.
23 42. Twitter lacks information or belief sufficient to answer the allegations in paragraph 42 of the Complaint and, on that basis, denies them.
25 43. Twitter denies the allegations in paragraph 43 of the Complaint.

**AFFIRMATIVE DEFENSES**

Twitter alleges the following separate and additional defenses and objections.  By pleading these objections, Twitter does not, in any way, agree or concede it has the burden of

proof or persuasion on any of these issues. Twitter reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to allege facts sufficient to state a claim against Twitter.

### SECOND AFFIRMATIVE DEFENSE

**(Performance)**

Twitter has performed and satisfied each and every obligation imposed on it, if any, by agreement and by law.

### THIRD AFFIRMATIVE DEFENSE

**(Good Faith)**

Twitter acted at all times in good faith with respect to all contract action regarding Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

**(Breach of Contract)**

Plaintiff breached the operative written agreement it entered into with Twitter and, as such, Twitter is excused from performing all of its obligations set forth in that contract and Plaintiff is barred from obtaining any relief under it.

### FIFTH AFFIRMATIVE DEFENSE

**(No Legal / Contractual Violations By Twitter)**

Twitter did not violate any express, implied and/or ostensible duties, obligations, and/or responsibilities owing to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

**(Estoppel and Waiver)**

The claim in the Complaint is barred by the doctrines of estoppel and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff is barred by the doctrine of unclean hands from asserting the claim in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate its alleged damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Contributing Act)

Plaintiff has suffered no damage or injury as a direct or proximate result of Twitter's actions alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

The Complaint and each purported cause of action therein is barred because of the doctrine of frustration of purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Impracticability)

Twitter's alleged duties as claimed in the Complaint, if any so existed, have been excused in that the performance of said obligation(s) is and has been made impractical.

### PRAYER FOR RELIEF

WHEREFORE, Twitter prays for judgment as follows:

A.  Plaintiff take nothing by the Complaint, and the court enters judgment against plaintiff and in favor of Twitter;

1   B.  The court awards Twitter its costs of suit; and

2   C.  Such other and further relief as this court deems just and proper.

Dated: June 23, 2023                             WHITE & CASE LLP


                                                 By:  /s/ J. Jonathan Hawk
                                                        J. Jonathan Hawk

                                                 Attorneys for Defendant X CORP.,
                                                 as successor in interest to second
                                                 named Defendant Twitter, Inc.