ETHAN JACOBS LAW CORPORATION
Ethan Jacobs (SBN 291838)
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 275-0845

WHITE & CASE LLP
J. Jonathan Hawk (SBN 254350)
jhawk@whitecase.com
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone: (213) 620-7700

Attorneys for Plaintiff
Global Data Strategy, Ltd

Attorneys for second named Defendant X
Corp., successor in interest to first named
Defendant, Twitter, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Global Data Strategy, Ltd, | Case No.: 3:23-cv-02266-EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date: September 26, 2023 |
| Twitter, Inc. and X Corp., Inc., | Time: 1:30 p.m. |
| Defendants. | Courtroom: 5 |
| | Judge: Hon. Edward M. Chen |

Pursuant to Northern District Local Rule 16-9, the Court's Order Setting Case Management Conference, and the Court's Standing Order regarding the Contents of Joint Case Management Statements, Plaintiff Global Data Strategy, Ltd, ("Plaintiff" or "Global Data Strategy") and the second named Defendant X Corp., successor in interest to the first named Defendant Twitter, Inc. ("X Corp.") , by and through their respective counsel of record, submit the following Joint Case Management Statement.

## I.      JURISDICTION AND SERVICE

No issues exist regarding venue, or service.

## II.     STATEMENT OF FACTS

### A.      Plaintiff's Statement

In early 2022, Twitter, Inc. hired Global Data Strategy to provide a data quality risk

assessment and business case for the finance department, a subsequent data remediation and operational plan, and associated data quality reporting dashboard. On January 25, 2022, Global Data Strategy and Twitter entered into a Master Services Agreement that sets out their agreement (the "MSA").

Twitter paid Global Data Strategy's July 6, 2022 $142,500 invoice for the first two milestones of the project on September 2, 2022. During the approximately nine months during which Global Data Strategy worked with Twitter, Twitter never complained about Global Data Strategy's work, disputed an invoice, or—until the end of 2022—paid late.

After Elon Musk's purchase of Twitter closed in late October 2022, the company went into a revenue free-fall and it stopped paying numerous vendors' invoices and refused to pay the promised severance payments of thousands of the employees it fired.

Twitter also is refusing to pay Global Data Strategy's last invoice of $230,100, submitted on September 19, 2022 and which it approved for payment months ago.

**B.      Defendant's Statement**

X Corp. entered into the MSA and a Statement of Work ("SOW"), dated January 25, 2022, with Plaintiff.  The SOW provides, in part, that Plaintiff "will invoice Twitter in the amounts specified upon Twitter's acceptance of" certain, specified milestones.  Section 4.1 of the MSA provides that "[i]f the Statement of Work requires Supplier to complete certain milestones, Twitter's payment obligation will be expressly subject to Supplier's completion of such milestones to Twitter's satisfaction."

X Corp. is undertaking an internal investigation regarding the allegations in Plaintiff's Complaint, and that is ongoing.

**III.     LEGAL ISSUES**

**A.      Plaintiff's Statement**

Plaintiff does not believe there are significant disputed points of law.

**B.      Defendant's Statement**

Whether Plaintiff fully performed its obligations under the MSA and SOW such that it is entitled to any of the amounts prayed for in its Complaint.

## IV.   MOTIONS

Plaintiff does not currently anticipate filing any motions.

X Corp. anticipates a Motion for Summary Adjudication and/or Summary Judgment.

## V.   AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate amending the complaint to add additional parties or causes of action. X Corp. does not anticipate amending its Answer

## VI.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and are aware of and are taking reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

## VII.   DISCLOSURES

The parties have not yet exchanged Initial Disclosures.

## VIII.   DISCOVERY

No discovery has taken place.

The parties anticipate entering into a stipulated protective order based on the Northern District of California Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets as well as a stipulated e-discovery order.

The parties do not presently foresee the need for any modification or limitation of the standard discovery rules.

## IX.   CLASS ACTION

Not applicable.

## X.   RELATED CASES

There are no related cases in this district or before another court.

## XI.   RELIEF

The relief sought by Plaintiff is fully set forth on page 6 of its Complaint. (D.I. 1). The bases on which damages for Defendants' breach of contract may be calculated, depending on what information is revealed through discovery, include the following: (1) the amount

outstanding on the unpaid invoice from Plaintiff to Twitter, and (2) pre-judgment interest.

X Corp. disputes that any damages are appropriate.  However, in the event that X Corp. were to be found liable in this action, damages should not exceed what Plaintiff prays for in its Complaint.

**XII.    SETTLEMENT AND ADR**

The Parties have commenced preliminary settlement negotiations, and believe it will be productive and efficient to first work directly with each other in efforts to resolve, before reverting to more formal ADR mechanisms.

**XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

No. Not all parties have consented to proceed before a Magistrate Judge.

**XIV.   OTHER REFERENCES**

The case is not suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

**Plaintiff**: None.

**Defendants**: The key issues are whether the MSA and SOW were properly executed and performed, whether Plaintiff fully performed its contractual obligations under the MSA and SOW, and whether Plaintiff is due any of the amounts prayed for in the Complaint.

**XVI.   EXPEDITED TRIAL PROCEDURE**

The parties do not intend to proceed under the Expedited Trial Procedure.

**XVII.  SCHEDULING**

The parties propose the following schedule:

- Fact Discovery Cutoff: May 22, 2024
- Hearing of Dispositive Motions: No later than July 11, 2024
- Pretrial Conference: September 17, 2024
- Trial: October 14, 2024

**XVIII. TRIAL**

1   Plaintiff has demanded a jury trial. The parties estimate that a trial will take no more

2   than between 3 and 4 days.

3   **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

4   All Parties have filed the Certification of Interested Entities or Persons. The Parties

5   disclose that the following have an interest in this litigation:

6   Global Data Strategy: Donna Burbank. D.I. 10.

7   X Corp., successor in interest to named Defendant Twitter, Inc. – Defendant, financial

8   interest; X Holdings Corp. – X Corp.'s parent company; others identified in X Corp.'s

9   sealed Supplemental Disclosure Statement.

10  **XX.   PROFESSIONAL CONDUCT**

11  All counsel of record for the parties have reviewed the Guidelines for Professional

12  Conduct for the Northern District of California.

13  **XXI.   OTHER MATTERS**

14  None.

15

16  **CONCLUSION**

17  The parties request that the Court enter an Order adopting or consistent with the

18  foregoing proposals. Counsel will submit a proposed order, should the Court so request.

19

20  Dated:   September 19, 2023                    Respectfully submitted,

21                                                  ETHAN JACOBS LAW CORPORATION

22                                                  By:*/s/ Ethan Jacobs*
23                                                      Ethan Jacobs (SBN 291838)

24                                                  Attorney for Plaintiff
25                                                  GLOBAL DATA STRATEGY, LTD

26                                                  WHITE & CASE LLP

27
28                                                  By:*/s/ J. Jonathan Hawk*
                                                        J. Jonathan Hawk (SBN 254350)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney for second named Defendant X CORP.,
successor in interest to first named Defendant
Twitter, Inc.

1

## <u>ATTESTATION OF CONCURRENCE</u>

2          I, Ethan Jacobs, am the ECF User whose ID and password are being used to file this

3   **JOINT CASE MANAGEMENT STATEMENT**. I attest that, pursuant to United States

4   District Court, Northern District of California L.R. 5-1(i)(3), concurrence in the filing of this

5   document has been obtained from Counsel for second named Defendant X Corp., successor in

6   interest to first named Defendant Twitter, Inc. I declare under penalty of perjury that the

7   foregoing is true and correct.

8

9   Dated:    September 19, 2023                     ETHAN JACOBS LAW CORPORATION

10                                                   By:_____ */s/ Ethan Jacobs*_____

11                                                         Ethan Jacobs (SBN 291838)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28